that is thank you your honor may it please the court my name is Daniel Drake I'm a lawyer from Phoenix Arizona and I'm representing Brett Begay in this case this case involves a blanket prohibition on contact with children under the age of 18 and going to places where he was likely to encounter children under the 18 and having contact with children under the age of 18 the problem with those is that they are over those restrictions are overbroad they cover children for which there is no factual basis for protecting according to this facts in this case and secondly they are vague in some respects particularly when it comes to where he knows children are likely to be under the statutes that are at play here the issues that are raised here have to do with due process notice as to what he is prohibited to do and that's a constitutional issue and secondly they impact on his ability to travel about his community and do things of that sort which is a constitutional liberty freedom and so under those circumstances we submit that the appeal waiver does not apply does that answer your question yes it does though I guess the question is is there any error in a condition of supervised release that would be covered by the appeal waiver or by your analysis is the appeal waiver really ineffective to bar review of any any our argument is that it's ineffective because these are constitutional violations and therefore they are illegal sentences or a portion of an illegal sentence so is there a case that would make condition number 13 unconstitutional because we have very similar provisions we've upheld for example United States v. Daniels and United States v. Bee and other cases which are similar yes yes you have upheld restrictions on on conduct with children and things of that sort but in language different than what we have here in this case you have restrictions or limitation words that are not present whereas they are present in those that you have upheld and typically I would point to a case like Bee where you say that he can't go to a place where children are known to be primarily there it's primarily for a child the same is true with Reardon and Daniels where they talk about a place that is primarily used by children known to be used by children in Bee and in Sattero excuse me they talk about regular contact with children well here we have a likely to be condition and we also sweep into this children particularly males for whom there is no factual basis in the record could you just one other to clarify did your client challenge condition 13 because when I looked at the record I can see there was a challenge to conditions 11 and 12 but I didn't see one to condition 13. She did not number one not number a specific challenge to number 13 but it she did raise a challenge to contact with children and restrictions upon his ability to be with with children that's the very issue that comes up in special condition 13 because it deals primarily with contact so if we were looking at as if we decide that there wasn't actually a plain error what what case would say that this condition was plainly erroneous well um I first of all I would argue that the plain error does not apply because she spoke to the language of contact with children and that is included within the 13th special condition as to the case that would apply or cases that would apply and permit the court to review the plain air the argument would be that the first two cases that is to say the first two elements are met because this should not have occurred in the fashion that it did it was air and it was plain we then turn to the issue so whether based on your argument as opposed to plain error based on any case that that's directly on point is that what I'm understanding there is no point a case directly on point um you're saying that the court got it wrong I understand that's part of your argument but usually for plain error we're looking for something pretty specific um yes I think if I understood you correctly um so um the you know the the argue is the argument is that it's going to uh go back to um what the court said what the court imposed at that particular time and given the fact of this particular case it it is clear that it was air and then with respect to whether you want to acknowledge it I would argue that the dis that your discretion is to do so and to do so to prevent an unforced circumstance that is to say the cases that I pointed out that distinguish this um create are done basically on on a fairness issue uh a reasonable anticipation and in this particular case there was not such I uh I would like to save about three minutes for rebuttal if I may so you're right on the on the nose for that why don't we hear from the other side and we'll make sure you get a chance to please the court good afternoon your honors my name is William Voigt I'm an AUSA from Phoenix on behalf of the United States the district court did not impose any illegal sentence and that is the only thing that would allow the defendant to escape an appeal waiver that clearly covers these standard conditions of supervised release any fair reading of the district court's um sentencing discussion at ER 24 to 27 four pages of discussion that focused almost exclusively on supervised release issues shows that she carefully considered the objections that were made that she responded based on record evidence and on common sense and she imposed a completely legal sentence while within her wide discretion as a district judge to impose I would point the court to four main categories of facts that the district court talked about and that were based on record evidence that showed I interrupt for just a minute and that's to say I wanted to judge Aikuda's question as to whether or not it was sufficiently objected to whether we have this as plain error assuming that for the question that was cognizable as constitutional error yes with respect to standard condition special condition 13 which is the uh the one that was being discussed the defendant made no such objection below and that is the to be um the defendant on er 15 and 17 at the sentencing hearing referred to objecting to the condition that he have no contact with the victim or the victim's family and a blanket condition of no contact with individuals under the age of 18 those are conditions 12 and 11 the same statements were made in the sentencing memorandum so um as this court said in uh the Santiago and the Watson cases objections have to be specific it's not fair to ask district courts to divine those sorts of objections based on nebulous language um even in Watson there was an objection to the particular condition but not on the grounds that was raised on appeal and this court said it's still plain error um and I want to come back to the plain air question but now from a different direction if we were just addressing this as a question of whether it is a constitutional condition that is to say number 13 uh would it be constitutional to uh prevent him from going to for example to a McDonald's or a gas station I think that they're not on these particular facts your honor if it was somebody who had perhaps used gas stations to abuse children then you might have a different sort of situation um but that's the answer I expected now if I read 13 in a certain way it strikes me as though you know children are likely to be in a McDonald's so this if I just read this without sort of bringing to it a use of generous analysis or something else it strikes me that it's unconstitutionally overbroad uh would you agree with this unconstitutionally overbroad if I if I read it to include a prohibition on going to McDonald's uh I don't think so I mean I think it might depend on what you're doing and where you're going in a McDonald's you know there are parts of McDonald's where they have like children's play areas I think that would clearly be covered but if he's simply going through the drive-through or going to I'm sorry I well I thought you'd already agreed with me uh that it would be unconstitutional to prevent him from going to McDonald's and I I'm not talking about the children's play area I'm just talking about walking in ordering from the counter uh and I thought you agreed that that would be unconstitutionally overbroad I I think that if this uh again on on this particular case if if that was the way the condition was um was to be read then there would be a problem here but I don't think it is because I think that the condition provides specific examples of the kinds of areas that it's talking about yeah schools playgrounds okay the reason I keep interrupting you is that the time is limited and I understand your response which makes perfect sense to me but there's nothing in here that makes it clear that it's limited to park schools etc because it says including it doesn't say such as and this may be sort of it may be imagining problems when there are none uh but it would be I think a much better condition if it said such as parks or where children are likely to congregate or particularly for children or whatever it is susceptible I think to a too broad uh interpretation and that comes then back to the plain error as to how um how likely it is to be read too broadly I wish I wish you had written it in a way that would that I think you're actually wanting to construe it but it's not it's not quite written that way that's my problem I think your honor is right to come back to the plain error question as disposing of it because it is difficult to to you know to ask the district court to interpret to address something that isn't actually being brought up and had it been it might have been able to be tweaked in a way that that would avoid it because the government as we say in our brief is not arguing that merely incidental contacts or unknowing contacts are something that would give rise to a violation and I'm not aware of any defendant ever having been violated for such a reason what the what this court said in the Gonzales-Aparicio case as Judge Ikuda was channeling is that if there's no controlling authority that says this is improper and you have at best restricting authority that could go either way that's the closest authority out there it cannot as a matter of law be plain error and the case is also I mean it seems to me that you're you're conceding that McDonald's wouldn't be covered right and I'm I have a trouble seeing what there's to be one of the specific things is parks right and it's not just that you know parks have adults and children at the park but you know that if you go to a park there's probably going to be there and I don't see how that's any different than a McDonald's you know McDonald's has both children and adults it's not necessarily a place just for children but you know if you go to McDonald's there's going to be children there so I actually think Judge Fletcher's it's right I'm having trouble with your answer to Judge Fletcher's question because it seems to me that it's I think you could very easily say that a McDonald's is exactly the same as a park I think I would go back to where you are going in a McDonald's your honor because I don't think the drive-through area of McDonald's would be the same as a park but that is the parks have playgrounds McDonald's has playgrounds but parks and playgrounds are listed separately in your list right so I think if you're trying to say that and then it makes the whole the whole list having parks on this list superb I mean I assume you would agree that if he goes to a park he can't go to a park he can't go to park and say I knew there might be children at the park but this isn't a children's park it's a park that has children there he wouldn't be able to say that right I agree you could not go to a park well that's exactly the same thing that he'd be saying if somebody tried to enforce this about a McDonald's he'd say I mean somebody would say didn't you know there would be children at a McDonald's and there's always children in the car I I think that I I appreciate what the court is saying I I don't think that it merits it reaches the plain error standard of review given the a person of ordinary intelligence I ask you why doesn't it I guess I so why doesn't it merit the plain error standard view because it seems what I'm saying I guess is that it seems to me that just reading it as a tech it could it could certainly be read that way easily be read the way and logically the only thing keeping it from being read that way is sort of all of our intuition that man McDonald's just seems like a bridge too far but that's not the actual thing I well I think the case law regarding vagueness and again there was no vagueness objection either so we're now adding plain error arguments on top of plain error arguments but the the the the question of whether he would understand this is judged by a person of ordinary intelligence under the court's case law and as I think everyone is is agreeing that you know when when you look at it you know it and you understand it and it's it's appropriate and so I don't think in person of ordinary intelligence would be confused about you know whether they can go to I may not be of ordinary intelligence but I'm actually a little bit confused uh can he go to Yosemite I'm sorry I didn't hear you can he go to Yosemite National Park um yes I believe he can go to Yosemite National Park I think the park that's referenced here is is not we're short on time and we keep talking over each other and it's not your fault it's a product of the computer thing now children are very likely to be in Yosemite correct and Yosemite correct I I I would again say it depends on where we're talking about I don't think that it would be like asking that you know can can he go to you know a city or something like that it's the I think you have to look at the specific area where he's going if there's a does that mean again it's my problem is just reading this with enough precision so that I understand it so that he understands it and that someone's seeking to enforce it understands it I think I said children children are likely to be at Yosemite and it says you can't go there if they're likely to be there and that specifically includes parks I think I would I would come back to the cases like B and Riordan and Daniels which include the very similar list including the word parks in Riordan including the word parks and Daniels including the word parks and B those are not cases that this court has ever found to constitute plain error or constitutional error and so it couldn't have been plain error in this case yeah no I I've got problem with the plain error more than I have problem with the vagueness of the uh of the condition Judge Fletcher can I ask him one question about the condition 11 I realize he's out of time no no no we get to go as long as we want uh the limitations on him but look counsel so one question I have on condition 11 says he can't be with his own children which he doesn't have but maybe he'll have in the future right um and as I read the cases there's there is cases that have language to say you can't be with your children or with any children but I think most of them that I saw have language that that is subject to getting permission from your probation officer which isn't in condition 11 and so the difference between those cases in this case I guess would be and I think you make this argument in your brief that well but he can there still is sort of an escape patch here he can go and ask you know let's say he he ends up having children he can go and ask the court which I which is a little bit compelling to me but the question I've got for you is are there any cases that um have are broad prohibition like this that says you can't be around any children including your own that don't have the probation officer language that that where where a court has upheld that language saying well yeah but you could you could you could get uh you could get a a court to change that condition if you end up having children or you need to be around the cases that that I saw um although I'm not sure that all of them specifically engage with this particular point but in the Williams case the condition was to avoid the company of children and in the LeBlanc case we referred to the district court to not abuse its discretion in imposing a condition that limited access to minors so I don't know how far how deeply that went but I would I would say with respect to this that this is a defendant unlike cases like Wolfchild where there was a problem with that who abused the family relationship repeatedly raped a member of his family over the course of years and took advantage of the family relationship in order to gain access to that child over those years so the the limitation in this case is entirely supported by the record and and the district court made findings I'm sorry to cut you off because I'm sort of out of time too but a follow-up question I guess is just because I'm not familiar with how hard is it to as a practical matter versus getting permission from a probation officer how hard is it to actually go before the court and say I had I just had my wife is pregnant we're gonna have a baby um I'd like to be able to be with that child uh will you how is that a I don't know I'm not familiar with how difficult of a process that is in my experience the way that it usually works is that the defendant's lawyer will reach out to the government and say um we would like to modify the conditions of a supervisor at least in this way we've talked with the probation officer and they support or oppose it what is your position and then they'll file a motion either noting the government's opposition in which case there'd be contested briefing or uh if there's no up if there's no opposition and you know usually the parties are you know going to be on the same page or or they won't be um uh if there's no opposition then the court will enter it pretty quickly that is my experience and how it works practically thank you counsel I'll be interested to see the answer to that question thank you very much any further any further questions from away from the bench okay thank you very much all right there are um a couple of things that could have prevented this from happening the pre-sentence report and the evaluation that counts that the government council places a lot of stock both talk about being a the defendant being in a company or being chaperoned if you will by a healthy family member had those things been included by example they might have made this thing much easier for all of us those are found on page 97 of the er and 132 and 133 um so um in those circumstances I think um the the situation the way it is written causes confusion it causes him to guess and it's it's overbroad in its suite because of that we ask that the conditions be vacated and the case remanded to the district court the district the defendant we believe has shown that these restrictions are greater than facts cited do not justify the conditions imposed thank you are there any other questions but judge Patrick can you address my question to the government's council about with regard to condition 11 what is the real practical difference between like a condition that says you can't be around any children including your own without the permission of a um patient officer versus uh just a flat condition that you would have to and then have to ask the court to change that how I'm not familiar with that process how onerous is it to get conditions like that changed if if you know like the hypothetical I gave where somebody's actually having a child and you think that would be a pretty sympathetic uh ask to get a change yeah I I can't speak from personal experience in cases I've represented to date most of my time was spent on the other side of the table but I tend to agree with what Mr. Voight has said about the general process so it it can be done it just takes not a small act of Congress but it takes some work okay and is it true that Mr. Begay at this time does not have children in the zone that's my he does not so that's a sort of a hypothetical issue yeah that was my impression okay any further questions for Mr. Drake okay thank you thank both sides for your helpful arguments United States versus Begay now submitted for decision thank you very much thank
judges: W. Fletcher, Ikuta, Vandyke